IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Howard K. Stern, as Executor of the Estate of Vickie Lynn Marshall, a/k/a Vickie Lynn Smith, a/k/a Vickie Lynn Hogan, a/k/a Anna Nicole Smith, ) ) ) ) ) | Civil Action No. 4: 08 - CV -2753 - TLW |
| Plaintiffs, ) ) | |
| vs. ) ) | ANSWER OF STANCIL SHELLEY, A/K/A FORD SHELLEY |
| Stancil Shelley, a/k/a Ford Shelley, G. Ben Thompson and John or Jane Doe 1-12 whose true names are unknown, ) ) ) ) | |
| Defendants. ) ) | |

The defendant, Stancil Shelley, a/k/a Ford Shelley, answering the Complaint of the plaintiffs herein would show unto this Honorable Court as follows:

FOR A FIRST DEFENSE

1. Each and every allegation not hereinafter specifically admitted, denied or explained is denied.

FOR A SECOND DEFENSE AND BY WAY OF ANSWER

2. Defendant admits upon information and belief the allegations of Paragraphs 1 and 2.

3. Admits the allegations of Paragraph 3.

4. Admits the allegations of Paragraph 4.

5. Denies the allegations of Paragraph 5.

6. Denies the allegations of Paragraph 6.

~Doc# 800598.1~

2

7. The allegations of Paragraph 7 state a conclusion of law and therefore no response is required. To the extent a response is required, the defendant has insufficient information and belief to admit or deny and therefore deny and demand strict proof thereof.

8. Admits the allegations of Paragraphs 8, 9, 10, 11, 12 and 13.

9. The allegations of Paragraph 14 set forth conclusions of law and therefore, no response is necessary. To the extent a response may be required, the defendant has insufficient information to admit or deny, and therefore, the allegations are denied and strict proof demanded thereof.

10. Admits the allegations of Paragraphs 15 and 16.

11. The allegations of Paragraph 17 set forth conclusions of law and therefore, no response is necessary. To the extent a response may be required, the defendant has insufficient information to admit or deny, and therefore, the allegations are denied and strict proof demanded thereof.

12. Answering Paragraph 18, this defendant would show that Ms. Smith was living in the Bahamas in a property known as the Horizons at the time of her death. All other allegations of Paragraph 18 are denied.

13. Admits the allegations of Paragraphs 19 and 20.

14. Answering Paragraph 21, this defendant would show that he was aware that an eviction notice was to be served but has no personal knowledge as to the circumstances of the service.

15. Admits the allegations of Paragraph 22.

16. The defendant has insufficient information and belief to admit or deny the allegations of Paragraph 23 and therefore, deny the same and demand strict proof thereof.

~Doc# 800598.1~

17. Upon information and belief, this defendant admits the allegations of Paragraph 24.

18. This defendant has insufficient information to admit or deny the allegations of Paragraph 25 and, therefore, denies the same and demands strict proof thereof.

19. Answering Paragraph 26, this defendant would show that the dispute with Ms. Smith became publicized but would deny that publicity was instigated by the defendant. This defendant would admit that a press conference was held in November, 2006. All other allegations are denied.

20. Answering Paragraph 27, this defendant would admit appearance on FOX but denies the appearance was to publicize the contentious dispute with Ms. Smith.

21. Denies Paragraph 28.

22. Denies Paragraph 29.

23. Answering Paragraph 30, this defendant would admit he was aware of the Injunction but denies the Injunction was enforceable at the time after Ms. Smith's death.

24. Denies Paragraph 31.

25. Answering Paragraph 32, Defendant denies entering without authorization. Further, Defendant admits he took certain items for safekeeping. Defendant denies all other allegations.

26. Denies Paragraph 33.

27. Answering Paragraph 34, this defendant would show that he had tacit permission to enter and remove property from the premises.

~Doc# 800598.1~

28. Answering Paragraph 35, defendant would admit to removing some of the personal property listed, but not all of the personal property listed. Defendant denies any wrongdoing in securing the property.

29. Answering Paragraphs 36, 37 and 38, this defendant would admit to obtaining these items but would deny that such items were taken without authorization.

30. Answering Paragraphs 39, 40 and 41, this defendant does not know if these items were among those secured, but would deny if they were that they were taken without authorization.

31. Answering Paragraphs 42 and 43 this defendant would admit that such items were secured but would deny that such items were taken without authorization.

32. Paragraph 44 is denied.

33. Answering Paragraph 45, this defendant would admit that he secured some items but would deny that he assumed, asserted, and exercised dominion ownership or control over such items but rather secured them.

34. Denies Paragraph 46.

35. Admits the allegations of Paragraphs 47, 48, 49 and 50.

36. Denies the allegations of Paragraph 51.

37. Denies the allegations of Paragraph 52.

38. Answering Paragraph 53, this defendant would show that the Clown video was provided only to FOX News.

39. Denies the allegations of Paragraph 54.

40. Admits the allegations of Paragraph 55.

41. Denies the allegations of Paragraphs 56, 57, 58, 59, 60, and 61.

5

42. Upon information and belief admits the allegations of Paragraph 62.

43. Denies the allegations of Paragraphs 63, 64 and 65.

44. Answering Paragraph 66, some of the items listed were provided to FOX, but not all.

45. This defendant has insufficient information and belief to admit or deny the allegations of Paragraphs 67, 68, 69, 70, 71, 72, 73, 74 and 75 and, therefore, denies the same and demands strict proof thereof.

46. Answering Paragraph 76, Howard Stern requested return of items. Defendant has insufficient information and belief as to his status and denies the same and demands strict proof thereof.

47. Answering Paragraph 77, this defendant would show that it secured certain items and turned them over to legal authorities within three days which included computers, hard drive, and tapes and miscellaneous papers which constituted the majority of the items secured. Defendant would further show that the items were taken with tacit permission. Defendant denies all other allegations.

48. This defendant has insufficient information or belief to admit or deny the allegations of Paragraph 78 and, therefore, denies the same and demands strict proof thereof.

49. Denies Paragraph 79.

50. Answering Paragraph 80, this defendant would deny that the items were taken without authorization. Defendant admits that not all items secured were turned over to Horry County.

51. Answering Paragraph 81, admits that Stern has made numerous demands but this defendant would show that he has turned over all items to either legal authorities, Mr. Birkhead, or the Estate.

52. Admits the allegations of Paragraphs 82 and 83.

53. Answering the allegations of Paragraph 84, Defendant admits some items were given to Mr. Birkhead. All other allegations are denied.

54. Admit Paragraph 85.

55. Answering Paragraph 86, this defendant would show that it delivered various items to Mr. Birkhead but denies the remaining allegations of Paragraph 86.

56. Answering Paragraph 87, this defendant admits it did not surrender to Mr. Birkhead all the personal property but would deny that such property was taken without authorization.

57. Denies Paragraph 88.

58. Admits Paragraph 89.

59. Answering Paragraph 90, admits that certain property was turned over to Stern's counsel but denies that such property had been taken without authorization.

60. Answering Paragraph 91, defendant admits that the property turned over to Mr. Stern did not include property that had been turned over to Mr. Birkhead or various legal authorities. Defendant specifically denies that such property was taken without permission.

61. Denies Paragraph 92.

62. Answering Paragraph 93, this defendant realleges the foregoing defenses as if repeated herein verbatim.

63. Denies Paragraph 94, 95, 96, 97, 98, 99, 100, 101, 102 and 103.

6

64. Answering Paragraph 104, this defendant realleges the foregoing defenses as if repeated herein verbatim.

65. Denies Paragraphs 105, 106, 107, 108, 109, 110 and 111.

66. Answering Paragraph 112, this defendant realleges the foregoing defenses as if repeated herein verbatim.

67. Denies Paragraphs 113.

68. Denies Paragraph 114.

69. Admits Paragraph 115.

70. The allegations of Paragraph 116 constitute a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

71. Denies Paragraphs 117, 118, 119, 120, 121 and 122.

72. Answering Paragraph 123, this defendant realleges the foregoing defenses as if repeated herein verbatim.

73. Denies Paragraphs 124, 125, 126, 127, 128 and 129.

74. Answering Paragraph 130, this defendant realleges the foregoing defenses as if repeated herein verbatim.

75. Denies Paragraphs 131, 132, 133, 134 and 135.

76. Answering Paragraph 136, this defendant realleges the foregoing defenses as if repeated herein verbatim.

77. Denies Paragraphs 137, 138, 139, 140, 141, 142 and 143.

78. Answering Paragraph 144, this defendant realleges the foregoing defenses as if repeated herein verbatim.

79. Denies the Paragraphs 145, 146 and 147.

WHEREFORE, having fully answered the Complaint of the plaintiff, the defendant prays that the Complaint be dismissed, and for such other and further relief as the Court may deem just and proper.

        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Susan P. MacDonald*
    Susan P. MacDonald
    Federal Bar No. 984
    E-Mail: susan.macdonald@nelsonmullins.com
    3751 Robert M. Grissom Parkway / Suite 300
    Post Office Box 3939 (29578-3939)
    Myrtle Beach, SC  29577-3165
    (843) 448-3500

Attorneys for Defendant Stancil Shelley a/k/a Ford Shelley

Myrtle Beach, South Carolina

September 29, 2008