IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HOWARD K. STERN, as Executor of the Estate of Vickie Lynn Marshall, a/k/a Vickie Lynn Smith, a/k/a Vickie Lynn Hogan, a/k/a Anna Nicole Smith, | ) ) ) ) ) ) | Civil Action No. 4:08-cv-2753-TLW-TER |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| STANCIL SHELLEY, a/k/a Ford Shelley, G. BEN THOMPSON, and John or Jane Doe 1-12 whose true names are unknown, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Presently before the Court is a Motion to Stay (Document # 70) the deposition of Susan M. Brown, which is scheduled for October 5, 2009.[1] Ms. Brown is counsel of record for Defendant Ben Thompson and has filed a Motion to be Relieved as Counsel (Document # 69). Ms. Brown seeks a stay of her deposition until her Motion to be Relieved as Counsel has been resolved.

Plaintiff sets forth the following procedural history in his Response: On June 4, 2009, Ms. Brown was served with a Notice of Deposition in response to, among other things, Defendants Stancil Shelley's and G. Ben Thompson's deposition testimony stating that they did not authorize Ms. Brown to distribute the property at issue in this action to members of The O'Quinn Law Firm in Houston, Texas. On June 18, 2009, Plaintiff served on Ms. Brown a subpoena to appear at deposition and to produce documents, which was issued by the United States District Court for the

---

[1] Pursuant to the Local Rules for the District of South Carolina, a hearing in not necessary to decide this Motion.

Northern District of Georgia. On June 29, 2009 – the day before her duly subpoenaed deposition – Ms. Brown filed a motion to quash the subpoena.

On August 31, 2009, the United States District Court for the Northern District of Georgia entered an Order denying Ms. Brown's motion to quash, finding, at least in part, a sufficient showing of the crime-fraud exception to the attorney-client privilege. The Order commanded Ms. Brown to comply with the subpoena within 20 days of the Order. Through agreement of the Executor's attorneys and Ms. Brown's personal counsel, the Executor agreed to allow Ms. Brown additional time to comply with the subpoena and, accordingly, on September 21, 2009, Ms. Brown's deposition was duly noticed to take place on October 5, 2009. Ms. Brown did not file her Motion to be Relieved as Counsel until September 30, 2009, and filed the Motion to Stay her deposition today, October 2, 2009, the Friday before her deposition scheduled for Monday–again at the last hour.

The district court for the Northern District of Georgia issued both the Subpoena directing Ms. Brown to attend her deposition and the Order denying her Motion to Quash the deposition and directing that Ms. Brown comply with the subpoena within twenty days from the date of the Order. Ms. Brown, in essence, asks this Court to modify the subpoena by staying the time for her compliance with the subpoena. Rule 45(c)(3), Fed.R.Civ.P., provides that the "issuing court" must quash or modify a subpoena. See also, 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459. Although the action is pending in the District of South Carolina, this court lacks jurisdiction to disturb the Subpoena and Order issued by the district court for the Northern District of Georgia. Chick-fil-A v. Exxon Mobile Corp., 2009 WL 2242392 (S.D.Fl. 2009) (citing cases); Limon v. Berryco Barge Lines, LLC, 2009 WL 1347363 (S.D.Tx. 2009) (citing cases and Charles A. Wright, et al, Federal Practice and Procedure); Davis Audio Visual, LLC v. Greer, 2009 WL 1537892 (D.Colo. 2009) (citing cases); Static Control Components, Inc. v. Darkprint

Imaging, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (despite the deponent being admitted pro hac vice in the case in which the action was pending, "this fact does not permit the Court to usurp the [issuing] court's authority to quash or modify the subpoena."). As set forth in 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008), "Rule 45 make[s] it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued. This makes considerable sense. It is the issuing court that has the necessary jurisdiction and the person served with it to enforce the subpoena."

For the reasons set forth above, the Motion to Stay (Document # 70) is **DISMISSED** for lack of jurisdiction.[2]

**IT IS SO ORDERED**.

                                                   s/Thomas E. Rogers, III
                                                   Thomas E. Rogers, III
                                                   United States Magistrate Judge

October 2, 2009
Florence, South Carolina

---

[2] As recognized by the court in Chick-fil-A and Davis Visual Audio, construing Ms. Brown's motion as a motion under Rule 26 would circumvent the purpose and language of Rule 45. Therefore, to the extent Ms. Brown's motion is brought pursuant to Rule 26, it is inappropriate.