IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Howard K. Stern, as Executor of the Estate of Vickie Lynn Marshall, a/k/a Vickie Lynn Smith, a/k/a Vickie Lynn Hogan, a/k/a Anna Nicole Smith, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 4:08-cv-02753-JMC |
| v. | ) ) | **OPINION AND ORDER** |
| Stancil Shelley, a/k/a Ford Shelley, G. Ben Thompson, Gaither Bengene Thompson, II, Melanie Thompson, Gina Thompson Shelley, Susan M. Brown, and The Law Offices of Susan M. Brown, P.C. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Currently before the court is Plaintiff Howard K. Stern's, Executor of the Estate of Vickie Lynn Marshall, ("Executor") Motion for Contempt and Sanctions [Entry #79] against Defendants G. Ben Thompson ("Thompson") and Susan M. Brown ("Brown"), Thompson's former counsel in this matter, for violation of a Consent Order Entering Preliminary Injunction [Entry #39]. The court held a hearing on September 28, 2010. After hearing oral arguments on these motions and considering the parties' memorandums and the relevant evidence in the record of this case, the court will grant in part and deny in part Executor's Motion for Contempt and Sanctions.

**FACTUAL AND PROCEDURAL HISTORY**

1

Executor originally brought this action on August 4, 2008, against Stancil "Ford" Shelley ("Shelley") and Thompson alleging that Shelley and Thompson wrongfully removed and retained personal property of the Estate of Vickie Lynn Marshall from the residence known as "Horizons," located in the Bahamas, after Ms. Marshall's death. The action was subsequently amended to join Gaither Bengene Thompson, II, Melanie Thompson, Gina Thompson Shelley, and Susan M. Brown and The Law Offices of Susan M. Brown, P.C. (the "Law Firm") as party defendants. Brown and the Law Firm served as counsel to Thompson and Shelley in the early stages of this matter. Prior to filing the lawsuit, Executor repeatedly requested the return of all Estate property from Brown and Thompson, which would have included the property specifically at issue in this motion for contempt and sanctions.

In response to Executor's requests, Brown delivered certain property to Executor's counsel in November 2007. The property delivered to counsel at that time did not include two external hard drives Brown had received from her client, Shelley. While the hard drives were in Brown's possession, she allegedly permitted Shelley to have access to them and allegedly transferred the hard drives to The O'Quinn Law Firm for forensic analysis under the auspices of a Common Interest and Confidentiality Agreement. Subsequent to the initial production of property, Executor became aware of the existence of the external hard drives. Executor demanded the hard drives be provided to his counsel.

In an effort to prevent further dissemination and disclosure of the Estate property, Executor sought a temporary restraining order from this court. After conducting a hearing on the matter, on January 16, 2009, this court entered a Consent Order Entering Preliminary Injunction ("Consent Order"). Brown did not object to the entry of the order and made no representation to the court

regarding her possession or custody of any Estate property other than two external hard drives that contained copies of alleged Estate property. Brown relinquished possession of the external hard drives to Executor's counsel within the time designated by the Consent Order.

Several months thereafter, Executor learned that Brown's role in the possession and distribution of the alleged Estate property was potentially more extensive than originally suspected. Therefore, Executor sought further discovery from Brown as to her actions through a subpoena to appear at a deposition and to produce documents. Brown sought to quash the subpoena in the United States District Court for the Northern District of Georgia. The Northern District Court of Georgia denied Brown's request to quash the subpoena, but modified the subpoena to preserve attorney-client and work product privileges. *See* Order, *Stern v. Shelley, et al.*, Civil Action No. 3:09-cv-00082-JTC-RGV (N.D. Ga., October 28, 2009). During the discovery and production of documents subject to the subpoena, Brown produced additional copies of photographs and legal documents which Executor considered to be Estate property.

Executor filed this motion for contempt and for sanctions on the grounds that Brown's retention and belated production of copies of the alleged Estate property constitutes a violation of the Consent Order.

## LEGAL STANDARD

To hold a party in civil contempt, the following four elements must be established by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violation; and (4) that the movant suffered harm as a result. *See*

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000). A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). The appropriate sanctions to be imposed for civil contempt lie within the court's broad discretion. *Id*. at 259. However, "a compensatory sanction 'may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.'" *Id*. (Internal citations omitted).

## DISCUSSION

**I.     Contempt Against Brown**

Executor argues that Brown should be held in contempt for retaining copies of Estate property after the entry of the Consent Order. This court agrees that Executor has demonstrated by clear and convincing evidence that Brown violated the specific and unequivocal commands of the Consent Order. In that order, the court stated:

> At or before 5:00 p.m. on the fifth business day after entry of this Consent Order Entering Preliminary Injunction, **Susan M. Brown, attorney for Defendant G. Ben Thompson, shall deliver to the Executor's attorneys** at Bryan Cave Powell Goldstein, One Atlantic Center – Fourteenth Floor, 1201 West Peachtree Street, NW, Atlanta, Georgia 30309, **any of the Property belonging to the Estate which is in Ms. Brown's possession or custody, including all originals and all duplicates of such Property, specifically including but not limited to the two (2) hard drives belonging to the Estate which are in Ms. Brown's possession.**

*See* Consent Order for Preliminary Injunction, at 2-3 (Emphasis added). The order clearly and unambiguously commanded Brown to deliver to Executor both original and duplicates of any potential Estate property. By demonstrating that Brown retained duplicates of the photographs stored on the hard drives and duplicates of legal documents which were subject to the Consent Order, Executor has met his burden to warrant a finding of contempt against Brown.

4

Brown, however, asks this court to excuse her violation of the Consent Order because she contends that any violation of the Consent Order was unintentional. Brown insists that she only discovered the duplicates on her computer around the same time as she was served with a subpoena for discovery concerning her involvement in the dissemination of Estate property and that she voluntarily provided those duplicates to the Executor in compliance with the Consent Order when they came to her attention. As further support for her position, Brown also submits that she went above and beyond the requirements of the Consent Order by giving her entire computer to Executor for destruction.

Rule 34 of the Federal Rules of Civil Procedure contemplates that a party will conduct a diligent search for documents responsive to a request. *See* Fed. R. Civ. P. 34. It is only reasonable to require this same level of responsibility from parties in complying with orders of the court requiring the production of documents. It is clear from Brown's testimony that she did not meet the requirements of Rule 34 because a simple search of her computer would have revealed the existence of the images subject to production under the Consent Order. Additionally, civil contempt does not require a showing of wilfulness. *In re General Motors Corp.*, 61 F.3d at 258. Therefore, this court declines to accept Brown's argument that any violation was unintentional and finds Brown in contempt of the January 16, 2009, Consent Order of this court.

**II. Contempt Against Thompson**

Executor contends that if this court finds Brown in contempt, it necessarily must find Thompson in contempt because Brown was acting as Thompson's counsel at the time of her violation of the Consent Order. Interestingly, Executor admitted during the hearing on the matter that he has no independent basis upon which to charge Thompson with contempt.

5

In this case, there is no indication that Brown's violation of the Consent Order was suborned by any conduct attributable to Thompson. In fact, the record is replete with contradictory testimony and assertions from Brown and Thompson as to the extent of Thompson's knowledge of Brown's possession of the property or her disclosure of the property to third parties. Without some showing of a violation on Thompson's part, this court is hesitant to impose sanctions upon him simply on the basis that Brown was his attorney. This is particularly true where Brown now finds herself a named defendant in the underlying action.

Executor cites many circumstances in which a client may be held liable for the actions of his or her attorney. However, none of the cases cited by Executor addresses the subject of contempt. Moreover, this court has not found any case mandating a finding of contempt against a client for the exclusive actions of counsel. Absent any citation of authority to the contrary, this court is not convinced that a finding of contempt against Thompson is mandatory. Instead, the court defers to its well-established discretionary authority in contempt matters and finds that Executor has not met the burden of showing Thompson's violation of the Consent Order by clear and convincing evidence. Therefore, Executor's motion for contempt as to Thompson is denied.

**III.    Sanctions**

Having found Brown in contempt, this court must now determine if sanctions against Brown are warranted. Executor requests the following sanctions:

A. Striking Ben Thompson's defenses to the Executor's Complaint;

B. Entering judgment in favor of the Executor on his Complaint as against Ben Thompson;

C. Awarding the Executor all of his expenses and reasonable and necessary attorneys' fees incurred as a result of the violation of the Order, including but not limited to fees incurred through discovery concerning the Property held by Brown

in violation of the Order, attempts to retrieve the Property, and efforts taken to ensure the destruction of Brown's hard drive;

D. Ordering Ben Thompson and Brown to immediately turn over to the Executor's attorneys all property belonging to the Estate – including all originals; and

E. Granting such other and further relief as the Court deems appropriate.

*See* Executor's Motion for Contempt and Sanctions, at 2-3.

The remedies and sanctions for civil contempt are intended to be remedial and compensatory. *In re General Motors Corp.*, 61 F.3d at 259. Sanctions in the context of civil contempt should not be punitive in nature. *Id.* Accordingly, the court will not strike Thompson's defenses or enter judgment against Thompson on Executor's Complaint because such remedies would be unduly harsh and punitive under the circumstances of this case. *See Hovey v. Elliot*, 167 U.S. 409, 413-14 (1897) (noting that the court does not have the inherent power to strike a defendant's answer as punishment for contempt of court).

The court is persuaded, however, that some measure of sanctions against Brown is appropriate here. Brown stated in her deposition that she did not produce the duplicate property because she was unaware of its existence on her computer hard drive, although she admitted that her clients had used her computer to show her images that were arguably Estate property. Given Brown's knowledge of her clients' use of her computer to display the images, it is hard to accept that Brown fulfilled her obligations under Federal Rule 34. Furthermore, despite Brown's admission that she understood the Consent Order, she also admitted during her deposition to retaining copies of the property on her computer following her production in response to the subpoena. Even assuming that Brown was unaware of the images on her computer prior to preparing for her deposition, she undoubtedly was aware that she retained copies of that material in her possession after the

7

production in response to the subpoena - a direct violation of the Consent Order's mandate to give all duplicates to Executor's counsel. Accordingly, the court will impose sanctions against Brown in the form of an award of reasonable costs and attorney's fees to Executor.

Executor contends that Brown's retention and alleged concealment of copies of Estate property caused Executor to expend great resources 1) to enforce the Consent Order; 2) to conduct discovery into Brown's actions; 3) to retrieve the property; and 4) to destroy Brown's computer once it was secured by Executor. Executor has already sought costs and attorney's fees in connection with his pursuit of discovery from Brown regarding her actions and conduct in connection with the alleged Estate property through the United States District Court for the Northern District of Georgia. That court denied Executor's request for costs and fees related to his pursuit of discovery from Brown. This court will not disturb the findings of that court. However, in light of Brown's violation of the Consent Order, Executor is entitled to reasonable costs and attorney's fees related to his pursuit of this motion for contempt only.

## CONCLUSION

In summary, the court grants Executor's motion for contempt and for sanctions against Brown and denies Executor's motion for contempt and for sanctions against Thompson. As a result, Executor is entitled to recover from Brown his reasonable costs and attorney's fees for the contempt proceeding before this court only. From the date of this order, Executor has twenty (20) days to submit a summary of his costs and attorney's fees for this proceeding. Brown will have ten (10) days to respond. The court further orders Brown and Thompson to turn over to Executor all remaining property (originals and duplicates) belonging to the Estate in their possession, custody,

8

or control and to submit to Executor affidavits of compliance with this order within twenty (20) days of the date hereof.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
November 12, 2010