UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HOWARD K. STERN, as Executor of the Estate of Vickie Lynn Marshall, a/k/a Vickie Lynn Smith, a/k/a Vickie Lynn Hogan, a/k/a Anna Nicole Smith,<br><br>    Plaintiffs,<br><br>  -vs-<br><br>STANCIL SHELLEY, a/k/a Ford Shelley; G. BEN THOMPSON; GAITHER THOMPSON, II; MELANIE THOMPSON; GINA THOMPSON SHELLEY; SUSAN M. BROWN; and THE LAW OFFICES OF SUSAN M. BROWN, PC;<br><br>    Defendants. | Civil Action No.: 4:08-cv-02753-JMC<br><br>**OPINION AND ORDER** |

## I. INTRODUCTION

This action arises out of the removal of property belonging to the Estate of Vickie Lynn Marshall a/k/a Vickie Lynn Smith a/k/a Vickie Lynn Hogan a/k/a Anna Nicole Smith (the "Estate") from a home located in the Bahamas known as Horizons, about which the Decedent and Defendants were involved in a contentious dispute regarding ownership at the time of the Decedent's death. At all times relevant to the allegations in the Complaint, Defendant Susan M. Brown ("Brown") was acting as an authorized agent of Defendant Law Offices of Susan M. Brown (the "Law Firm") in representing Defendants Stancil Shelley ("Shelley"), G. Ben Thompson ("Thompson"), Gaither Thompson, II ("Gaither") and/or Melanie Thompson ("Melanie"). Plaintiff asserts causes of action for conversion, wrongful taking of estate property in violation of California Probate Code § 850, *et seq.*, statutory and common law commercial appropriation of right of publicity in violation of

California Civil Code § 3344.1, unjust enrichment/restitution, unfair competition in violation of California Business & Professional Code § 17200, *et seq.*, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5) and civil conspiracy.

Presently before the Court is Defendants Susan M. Brown and The Law Office of Susan M. Brown, P.C.'s (hereinafter, "the Brown Defendants") Motion to Dismiss [Doc. # 136]. The Motion to Dismiss seeks only partial dismissal of the claims against the Brown Defendants. The Brown Defendants seek to dismiss Plaintiff's second cause of action for wrongful taking of estate property in violation of California Probate Code § 850, *et seq.,* and third cause of action for statutory commercial appropriation of right of publicity in violation of California Civil Code § 3344.1.[1] Finally, the Brown Defendants seek dismissal of any claims based upon actions Brown took during discovery in this case on collateral estoppel grounds, arguing that those issues have already been ruled upon by this Court.

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The Decedent passed away on February 8, 2007. The day after her death, Defendants Shelley, Gaither, Melanie and Gina Thompson Shelley ("Gina") entered Horizons and removed personal property belonging to the Estate. At some point, some of the Estate property came into the possession of the Brown Defendants. The Brown Defendants served as counsel to Thompson and Shelley in the early stages of this matter. Prior to filing this action, Defendant Howard K. Stern ("Executor") repeatedly requested the return of all Estate property from Brown and Thompson.

In response to Executor's requests, Brown delivered certain property to Executor's counsel

---

[1] Plaintiff also asserts a common law claim of commercial appropriation under this cause of action that is not addressed in the Motion to Dismiss.

-2-

in November 2007. The property delivered to counsel at that time did not include two external hard drives Brown had received from her client, Shelley. While the hard drives were in Brown's possession, she allegedly permitted Shelley to have access to them and allegedly transferred the hard drives to The O'Quinn Law Firm for forensic analysis under the auspices of a Common Interest and Confidentiality Agreement. Subsequent to the initial production of property, Executor became aware of the existence of the external hard drives. Executor demanded the hard drives be provided to his counsel, and, subsequently, sought a temporary restraining order from this court. After conducting a hearing on the matter, on January 16, 2009, this court entered a Consent Order Entering Preliminary Injunction ("Consent Order") [Doc. # 39]. Brown did not object to the entry of the order and made no representation to the court regarding her possession or custody of any Estate property other than two external hard drives that contained copies of alleged Estate property. Brown relinquished possession of the external hard drives to Executor's counsel within the time designated by the Consent Order.

Several months thereafter, Executor learned that Brown's role in the possession and distribution of the alleged Estate property was potentially more extensive than originally known. Therefore, Executor sought further discovery from Brown as to her actions through a subpoena to appear at a deposition and to produce documents. Brown sought to quash the subpoena in the United States District Court for the Northern District of Georgia. The Northern District Court of Georgia denied Brown's request to quash the subpoena, but modified the subpoena to preserve attorney-client and work product privileges. *See* Order, *Stern v. Shelley, et al.*, Civil Action No. 3:09-cv-00082-JTC-RGV (N.D. Ga., October 28, 2009). During the discovery and production of documents subject to the subpoena, Brown produced additional copies of photographs and legal

documents which Executor considered to be Estate property.  Brown had stored electronic copies of Estate property on her Law Firm computer and had maintained certain hard copies of Estate Property in the Law Firm.  Pursuant to agreement with Executor's counsel, Brown's computer hard drive was removed from the Law Firm Computer and destroyed completely at a destruction facility.

Plaintiff filed a Motion for Contempt and Sanctions [Doc. # 79] against Thompson and Brown for violation of the Consent Order.  The Court held a hearing on September 28, 2010, and subsequently entered an Order [Doc. # 153] granting in part and denying in part the Motion for Contempt and Sanctions.

### III. LEGAL STANDARD

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and

plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955, 167 L. Ed.2d 929) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *See Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## IV.    DISCUSSION

The Brown Defendants first argue that Plaintiff's second and third causes of action are based on California procedural law and are, thus, not proper in this Court. In his second cause of action, Plaintiff alleges that Defendants have in bad faith wrongfully taken property belonging to the Estate, Amended Complaint ¶ 221, and relies on provisions set forth in Division 2, Part 19 of the California Probate Code, which is entitled Conveyance or Transfer of Property Claimed to Belong to Decedent or Other Person. *See* Cal. Prob. Code § 850, *et seq.* The Brown Defendants argue that the provisions relied upon by Plaintiff simply set up a procedure for making a specific performance type claim in the California Probate Court. *See In re Bailey's Estate*, 42 Cal.App.2d 509, 109 P.2d 356, 357 (1941).

In his third cause of action, Plaintiff asserts both statutory and common law commercial appropriation of right of publicity. Plaintiff relies on California Civil Code § 3344.1 in support of its statutory claim. The Brown Defendants argue that this statute is procedural rather than substantive and, thus, the statutory claim cannot be brought in this court. Specifically, the Brown Defendants argue that § 3344.1 falls within the "Relief" provisions of California's Civil Code.

As to both of these statutes, the Brown Defendants argue that the case annotations show no reported opinions on the statutes in any court other than California, which further supports their arguments that the statutes are procedural with no application outside of California.

Because this matter is in federal court on diversity grounds, the choice of law rules of the forum state, South Carolina, apply. *See Klaxon v. Stentor*, 313 U.S. 487, 496-97, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941). Under South Carolina choice of law principles, the substantive law is determined by the law of the state in which the injury occurred (*lex loci delicti*) and procedural matters are determined by the law of the forum (*lex fori*). *See Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 87 (4th Cir. 1989). There is no clear test to determine whether a law is substantive or procedural in this context. *See Spring v. U.S.*, 833 F. Supp. 575, 578 n.10 (E.D.Va. 1993) ("As any first year law student knows from wrestling with the murky substantive/procedure dichotomy, framing a legal test in terms of this dichotomy often begs the question.") (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S. Ct. 422, 85 L. Ed. 479 (1941)). The Brown Defendants have failed to convince this Court that the statutes relied upon by Plaintiff are procedural and, thus, have no applicability in this Court or that Plaintiff has failed to state a claim for relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Courts other than the California probate court have considered claims for double damages under § 859, as sought by Plaintiff

-6-

in this action. *See, e.g.*, *Petrulis v. Prudential Ins. Co. of America*, No. B184869, 2007 WL 1990383 (Cal.App. 2 Dist. July 11, 2007) (unpublished). Further, the Ninth Circuit has characterized Cal. Civ. Code § 3344 as a "statutory cause of action" for commercial misappropriation. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).

Furthermore, the Brown Defendants argue that Plaintiff's § 3344.1 claim should be dismissed because it is applicable only to acts occurring in California. Section (n) of § 3344.1 provides that "this section shall apply to the adjudication of liability and the imposition of any damages or other remedies in cases in which the liability, damages, and other remedies arising from acts occurring directly in this state." The Brown Defendants argue, in rather conclusory fashion, that Plaintiff's allegations against them are limited to actions that occurred in Georgia and South Carolina. Plaintiff argues that § 3344.1 addresses the right of publicity, which is an intangible property right, and that intangible property is considered to be located in the owner's domicile. *See GP Credit Co., LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 979 (7th Cir. 2003); *In re Lambert*, 179 F.3d 281, 285 (5th Cir. 1999); *Gordon v. Holly Woods Acres, Inc.*, 328 F.2d 253, 255 (6th Cir. 1964). Further, Plaintiff argues that personal property rights are governed by the law of the state in which the property is located. *See Humble Oil & Refining Co. v. Copeland*, 398 F.2d 364, 366 (4th Cir. 1968). Thus, because the Estate is a California estate, Plaintiff argues that § 3344.1 is applicable to its claim for misappropriation of publicity rights. Resolution of this issue requires a determination of facts. A finding of what law is applicable will be made after a determination of the underlying facts and, if California law applies, a determination of what "acts" occurred in California as contemplated by § 3344.1(n) can then be resolved. Therefore, based on the record and arguments presented, the Brown Defendants' Motion to Dismiss is without merit as to this argument.

The Brown Defendants also argue that Plaintiff has failed to state a claim against them under § 3344.1 because Plaintiff has failed to allege that they used Ms. Smith's likeness for purposes of advertising or selling goods or services or that they were attempting to exploit Ms. Smith's likeness for their own benefit. In the Amended Complaint, Plaintiff alleges that

> Brown purportedly transferred the two (2) hard drives to Clark based on a Common Interest and Confidentiality Agreement purportedly entered into between Arthur, Ford, and Gaither. The Common Interest and Confidentiality Agreement is executed by McCabe on his own behalf and on Brown's behalf. (A true and correct copy of the purported Common Interest and Confidentiality Agreement is attached hereto as Exhibit E.)
>
> At the time that Brown transferred the two (2) hard drives to The O'Quinn Law Firm, Brown believed that Ford was in discussions with McCabe for The O'Quinn Law Firm to represent Ford in (i) litigation against CBS Studios, Inc.; (ii) litigation against Stern, individually and as Executor of the Estate, purportedly for slander; and/or (iii) litigation against Stern as Executor concerning ownership of Horizons.
>
> Brown transferred the two (2) hard drives to The O'Quinn Law Firm in an attempt to gain the benefit of The O'Quinn Law Firm's representation of Ford in various litigation matters adverse to, among others, the Estate and Stern.
>
> * * *
>
> Ford, Brown, and the Law Firm used Ms. Smith's name, voice, photograph, and likeness contained in the Clown video, Christmas video, Horizons video, Wedding video, Gibson photographs, Gibson messages, Certificate of Permanent Residence, Western Union receipts, and photographs and videos contained on the Estate's computers without consent.
>
> Ford, Brown, and the Law Firm's conduct in using, displaying, transferring, and selling or attempting to sell the Clown video, Christmas video, and photographs and videos contained on the Estate's computers, as set forth above, constitutes "use" of Ms. Smith's name, voice, likeness and photograph within the meaning of California Civil Code § 3344.1.

Amended Complaint ¶¶ 119-21; 229-30. The Court finds these allegations sufficient to survive the Brown Defendants' Motion to Dismiss as to the third cause of action under § 3344.1.

Finally, the Brown Defendants argue that the principals of *res judicata* and collateral

-8-

estoppel bar Plaintiff from suing Brown on issues arising out of Brown's handling of the two hard drives discussed above because those issues have already been before the Court in Plaintiff's Motion for Contempt and Sanctions. The Brown Defendants argue that Plaintiff is attempting to have two bites at the same apple by raising claims in its Amended Complaint as well as its Motion for Sanctions. However, the Court agrees with Plaintiff that Plaintiff is not attempting to relitigate the same issue twice. The fact that this Court has deemed the Brown Defendants' actions regarding the two hard drives to be violative of a previous Order entered by the Court does not mean that those same actions are not also violative of Plaintiff's rights under the claims raised in the Amended Complaint. Thus, the Brown Defendants' Motion to Dismiss those claims on *res judicata* or collateral estoppel grounds is without merit.[2]

For the reasons discussed above, the Brown Defendants' Motion to Dismiss [Doc. # 136] is **DENIED**.

**IT IS SO ORDERED.**

s/J. Michelle Childs
United States District Judge

February 16, 2011
Greenville, South Carolina

---

[2] The Court offers no opinion at this time as to the merits of Plaintiff's claims, only that they are not subject to dismissal on the grounds argued by the Brown Defendants.